## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Sawyer

v.

Virginia Association of Realtors et al.

September 20, 1983

Case No. (Law) 10,860

By JUDGE AUSTIN E. OWEN .

Counsel for The Virginia Association of Realtors and for the City of Virginia Beach attached to his written "Motion to Compel & Impose Sanctions" an Exhibit *A* consisting of relevant portions of a transcript of proceedings of a discovery deposition taken on February 28, 1983.

It appears from that transcript that counsel for those defendants was clearly attempting to use an *ex parte* written statement of the plaintiff "to contradict her as a witness in the case." (See Virginia code Section 8.01-404). On page 16 of that partial transcript, defense counsel says: "I think the statement is not admissible. Anybody can read from a statement." Further, at page 17, defense counsel says: "and I don't think you can reasonably expect somebody to testify at trial as to the statement they took if they couldn't use the statement to refresh their recollection." Again, at page 20 of the transcript, defense counsel says: "If the adjuster gets on the stand, he can use the statement to refresh his recollection."

Continuing, at page 21 of the transcript, defense counsel asked the plaintiff: "Did you sign the statement?"

There is no dispute between counsel, and the case law is clear, that the person to whom an oral statement (even though it be reduced to writing) was made by a witness may be called to testify concerning that *oral*

statement for the purpose of impeaching the witness who made the oral statement. It is equally clear from the statute and the case law that the writing itself cannot be *used* (the exact wording of the statute) to contradict him as a witness in the case.

The defendant *Realtors* and *City* attempt to modify that clear legislative enactment by placing undue emphasis upon a single sentence from the opinion in the case of *Harris v. Harrington*, 180 Va. 210 (1942), at page 220:

> This brief history of section 6216, as well as the language used, clearly indicates that the provisions of the statute are confined to the contradiction of a witness by the *introduction* of a prior inconsistent statement in writing. (Italics added.)

That quotation must be construed in the context of the entire opinion. The opinion had already defined the narrow issue before the Court by noting that:

> The question presented is whether the last sentence in section 6216, applicable to actions to recover for personal injuries or for wrongful death, prohibits *impeachment of a witness by oral testimony of prior inconsistent statements* when such statements are included in a writing signed by the witness. (Italics added). *Harris, supra*, at page 219.

No issue of the permissibility of the introduction of a prior inconsistent *written* statement was under consideration by the court in *Harris*, but in its reference to the *Washington* decision the court clearly recognizes that it is the *use* of the written statement which is proscribed by the statute.

In that respect the court notes, at page 220, that:

> Counsel for plaintiff relies upon the case of *Washington etc. Ry. Co. v. Weakley*, 140 Va. 796, 125 S.E. 672, in which case Judge Christian, speaking for the Special Court, stated that when it became apparent "that it was the intention of counsel for the defendant to contradict the witness by a prior inconsistent

written statement," the Trial Judge was correct in refusing to admit any testimony in reference thereto.

In the case at bar, the counsel who attempted to impeach the adverse witness made no reference to a written statement but confined his questions to oral statements made by the witness.

Here, counsel for defendants made apparent his intention to contradict the plaintiff by *use* of a prior inconsistent *written* statement, and the objection of counsel for plaintiff was well taken.

Defendant further argues that the statute should be construed to apply only at trial, but the statutory term *"as a witness in the case"* is clearly broader than the trial. The narrow construction sought by defendant would permit *use* of the written statement during depositions and then use of the deposition to impeach the witness at trial. Such use of the written statement would clearly nullify the purpose of the enactment.

The issues presented here were presented and argued, in complete good faith, by counsel for Plaintiff and Defendants on the occasion of the discovery depositions, and the Court finds that it is not proper to impose sanctions upon either party.